UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GIOVANNI KURTZE,<br><br>                              Plaintiff,<br>      v.<br>STATE OF NEVADA, et al.,<br>                             Defendants. | Case No. 2:18-cv-00506-RFB-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Receipt Initiating Docs. – ECF No. 1) |

This matter is before the court on Plaintiff Giovanni Kurtze's failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Kurtze is a prisoner in the custody of the Lakes Crossing Center. He is proceeding in this action *pro se*, meaning without an attorney. Kurtze has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 as part of his initiating documents (ECF No. 1), but he did not submit an IFP application or pay the $400.00 filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying the $400 fee if the person files an IFP application, including an affidavit stating that he or she is financially unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, on at least three occasions, the court has dismissed civil actions Kurtze commenced while incarcerated for failure to state a claim upon which any relief may be granted.[1]

---

[1] *See Kurtze v. State of Nevada et al.*, 2:17-cv-00208-APG-PAL (dismissed with prejudiced for failure to state a claim upon which relief can be granted); *Kurtze v. Johnson et al.*, 2:17-cv-02375-RFB-CWH (same); *Kurtze v. Johnson et al.*, 2:17-cv-02756-JAD-GWF (same). The court takes judicial notice of its prior records in the above matters. Judicial notice is properly taken of proceedings in other courts, both within

1

Federal law provides that a prisoner may not proceed IFP if he has, on three (3) or more prior occasions, filed a federal action or appeal while incarcerated that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). With "three strikes" the prisoner must pay the full $400 filing fee in advance unless he is "under imminent danger of serious physical injury." *Id.*

In his proposed complaint, Mr. Kurtze alleges civil rights violations against the State of Nevada and state court judges Hardesty, Parraguirre, and Stiglich. *See generally* ECF No. 1-1. He claims he correctly filed pretrial petitions for habeas corpus in relation to his capital murder case before the state court, yet none were granted. *State of Nevada v. Giovanni Kurtze*, Case No. C-14-299786-1.[2] Kurtze alleges defendants failed to follow correct procedures and therefore violated his rights under the Eighth Amendment. The court finds that these allegations fail to plausibly allege that Kurtze is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

Accordingly,

/ / /

/ / /

/ / /

/ / /

---

and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *E.g.*, *Byrd v. Phoenix Police Dep't*, 885 F.3d 639 n.3 (9th Cir. 2018) (citing Fed. R. Evid. 201(b)(2)).

[2] The court takes judicial notice of the status of Kurtze's state criminal case. According to the state court's register of actions, a judgment of conviction was entered against Kurtze in October 2018. To the extent Mr. Kurtze alleges government misconduct related to his criminal conviction, the court notes that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *E.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). A plaintiff convicted of a crime cannot pursue § 1983 claims for civil rights violations if a favorable judgment would necessarily invalidate his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994). This means § 1983 actions cannot be used to indirectly attack a conviction or sentence. *Id.* A plaintiff "may challenge the validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (emphasis added).

**IT IS RECOMMENDED** that:

1. Plaintiff Giovanni Kurtze's proposed complaint (ECF No. 1-1) be **DISMISSED** without prejudice unless Plaintiff pays the $400 filing fee in full within thirty (30) days of entry of this this Report of Findings and Recommendation.
2. The Clerk of Court be instructed to enter judgment accordingly.

Dated this 17th day of December 2018.

                                                                         _____
                                                                         PEGGY A. LEEN
                                                                         UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.